UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEVORK GUYUMDZHYAN,<br><br>                      Petitioner,<br><br>v.<br><br>GREGORY J. ACRHAMBEAULT, San Diego Field Office Director, U.S. Immigration and Customs Enforcement; MADISON SHEAHAN, Deputy Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAM BONDI, Attorney General of the United States; and DOE 1, Warden of Otay Mesa Detention Center, in their official capacities,<br><br>                      Respondents. | Case No.: 26-CV-269 TWR (BJW)<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING REGARDING PETITIONER'S APPLICATION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>(ECF No. 10) |

Presently before the Court is Petitioner Gevork Guyumdzhyan's Application for Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("Mot.," ECF No. 10), through which Mher Cholakhyan of Cholakhyan Law P.C. seeks $8,036.75, representing 31 hours of work at $259.25 per hour, as the prevailing party on Petitioner's Petition for Writ of Habeas Corpus and Injunctive Relief under 28 U.S.C. § 2241. (*See, e.g.*, Mot. at 1.) Although the Court explicitly warned Respondents that, "[a]s noted in

Section III.A.2 of the Honorable Todd W. Robinson's Standing Order for Civil Cases, '[a]n opposing party's failure timely to file an opposition to any motion may be construed as consent to the granting of the motion pursuant to Civil Local Rule 7.1(f)(3)(c),'" (*see* ECF No. 11), Respondents have failed to file an opposition.  (*See generally* Docket; *see also* ECF No. 11 ("Because '[i]t is the government's burden to show that its position was substantially justified,' *see Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013), Respondents SHALL FILE an opposition on or before March 16, 2026[.]").)

Under the Equal Access to Justice Act ("EAJA"), the "court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust."  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Petitioner, however, bears the burden of establishing his eligibility for fees under the EAJA.  *See Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991) (citing *Thomas v. Peterson*, 841 F.2d 332, 337 (9th Cir. 1988)).  For purposes of the EAJA, a "party" is "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed."  *See* 28 U.S.C. § 2412(d)(2)(B)(i).  On the present record, the Court cannot conclude that Petitioner is a "party" eligible to recover his fees under the EAJA.  Accordingly, Petitioner **MAY FILE** a supplemental declaration establishing his eligibility <u>on or before March 31, 2026</u>.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

_____
Honorable Todd W. Robinson
United States District Judge

2

26-CV-269 TWR (BJW)